UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LUXOTTICA GROUP, S.P.A.; and OAKLEY, INC., <br><br>    Plaintiffs, <br><br> VS. <br><br> OCHOA'S FLEA MARKET, LLC; NORMA OCHOA; and MARIA "JANIE" MORENO, <br><br>    Defendants. | § § § § § § § § § § § § § § CIVIL ACTION NO. 7:20-cv-00061 |

## OPINION AND ORDER

The Court now considers Plaintiffs' "Agreed Motion for Leave to File Under Seal."[1] In the short motion, Plaintiffs explain that they have invested significant time and money in developing, protecting, and investigating potential infringement of their respective intellectual property.[2] Specifically, Plaintiff Luxottica Group, S.p.A.'s intellectual property counsel avers that all Plaintiffs have invested time and money "into creating a network of third-party investigators" who operate undercover to ferret out counterfeiters.[3] Counsel goes on to aver that "[t]he undercover nature of these investigations and the confidentiality of the modus operandi of the investigators are vital" to their continued enforcement efforts and ability of Plaintiffs to protect their intellectual property rights.[4] Consequently, Plaintiffs seek leave of Court to file under seal the portions of their motion for summary judgment and exhibits that "incorporate or reference" these undercover investigators and operations "so as to preserve the integrity and function of future undercover investigations."[5]

---

[1] Dkt. No. 25.
[2] *Id.* at 2, ¶¶ 1–3.
[3] Dkt. No. 25-1 at 3, ¶ 5.
[4] *Id.*
[5] Dkt. No. 25 at 3, ¶ 6.

1 / 2

"[C]ourts should be ungenerous with their discretion to seal judicial records."[6] "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." . . . The relevant facts and circumstances of the particular case inform the factors that a court weighs on both sides.[7]

The Court finds, under the particular circumstances of this case, that the public's common law right of access to judicial records is outweighed by Plaintiffs' need to preserve the confidentiality and undercover nature of their investigators and investigative methods so as to protect and enforce their intellectual property rights. The Court holds that the public interest in monitoring the exercise of judicial authority and scrutinizing the record of this case[8] is adequately served by sealing the particular investigators' identities and methods when the allegedly counterfeit goods will still be a part of the public record. The Court therefore **GRANTS** Plaintiffs' motion for leave to file under seal.[9] Plaintiffs have "leave to file under seal the various portions of their Motion for Summary Judgment and attendant evidence that incorporate or reference" information regarding the identity, contact information, and process and details of the undercover investigators and undercover investigations into potential counterfeit sellers of Plaintiffs' intellectual property.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 2nd day of July 2021.

_____
Micaela Alvarez
United States District Judge

---

[6] *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021); *accord United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010) (citing *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)) ("[A] court must use caution in exercising its discretion to place records under seal.").
[7] *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) (quotations omitted).
[8] *See Le*, 990 F.3d at 418 (describing the public's interest).
[9] Dkt. No. 25.